THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| AL-ALLAH AKA DAMION HARDY,<br>Petitioner,<br>v.<br>UNITED NATIONS et al.,<br>Respondents. | **MEMORANDUM DECISION & DISMISSAL ORDER**<br>Case No. 2:26-CV-191-TS<br>District Judge Ted Stewart |

From his federal penitentiary cell in Adelanto, California, Petitioner filed an initial pleading requesting "immediate release from federal prison, $1,000,000,000,000 in punitive damages, $1,000,000,000,000 in compensatory damages[;] the immediate transfer to a Delaware or international prison, facility or institution and/or g.o./g.e.o. prison, facility, or institution due to the outrage of claims." Dkt. No. 1. The "civil cover sheet" filed with the initial pleading identifies this action as "Habeas Corpus." Dkt. No. 1-12. And Petitioner paid the five-dollar filing fee required for habeas-corpus petitions. Dkt. No. 4. He names these "Defendants": "united nations; united states of america; federal america of states; 'state of Israel' et al." Dkt. No. 1.

A sampling of allegations includes Petitioner's account of his childhood in which he was "discovered in Global Waters," taken to a "refugee orphanage in Jerusalem," and shuttled around South Asia, before he was placed in an apartment in New York "with a 'family' of individuals who were unknown" to him. *Id.* He further alleges this Court has jurisdiction over this action because

> the "united states of america" being a Delaware corporation and also then acting domestically on "united states" soil and also by entering treaties and agreements

> etc. with other countries, nations and states and also with international organizations and bodies, such as the 'united nations' as this convention and charter originated, was ratified, signed and came into effect in San Francisco on "june 26, 1945."

*Id.* He goes on to state, "I was not documented by the united nations as Me Being Allah, but instead there was a terrible thing brought forth by the united nations attempting to document Me as 'jesus.'" *Id.* And he says,

> [T]here was an attempted failed plot brought against Me, using the ritual of the fire, transgression, sorcery and magic, to arrest, indict, convict, sentence and imprison Me in brooklyn, new york on the dates of approximately January 11th, 1993, May 10th, 1996, July 29th, 1998, and August 15th, 2004. All of which are illegal, unlawful, fraudulent, null and void.

*Id.* He also discusses various settlements he has secured or is working on, various criminal charges he has faced, his affiliation with the Uniform Commercial Code and President Trump, and his purchase of "the Island of Manhattan." *Id.*

The two federal code sections under which Petitioner could possibly be bringing this action are 28 U.S.C.S. §§ 2241 or 2255 (2026). In general, a § 2241 petition is used to attack the execution of a term of confinement, not its validity. *See Spotts v. Stancil*, 793 F. App'x 702, 704 (10th Cir. 2019) (unpublished). And a § 2241 matter must be filed in the district in which the petitioner is incarcerated. *Id.*; *see also Howard v. U.S. Bureau of Prisons,* 487 F.3d 808, 811 (10th Cir. 2007) (explaining a § 2241 petition is properly filed in the district where the inmate is confined at the filing time). If this is the code section targeted by Petitioner, this petition should have been filed in California's Eastern District.

Meanwhile, a § 2255 motion "to vacate, set aside or correct the sentence" is filed by a federal inmate

> claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

28 U.S.C.S. § 2255(a) (2026). And a § 2255 matter must be filed in the district in which the petitioner was convicted and sentenced. R. 3, Rs. Governing § 2255 Cases in the U.S. Dist. Cts ("The clerk must file the motion and enter it on the criminal docket of the case in which the challenged judgment was entered."). If this is the code section targeted by Petitioner, this petition should have been filed in New York's Eastern District.[1]

Based on the above discussion, the Court concludes Plaintiff has not named a valid defendant in Utah, nor has Plaintiff alleged that "a substantial part of the events or omissions giving rise to [a valid] claim occurred" in Utah. *See* 28 U.S.C.S. § 1391(b) (2026) (federal venue statute).

"A court may *sua sponte* cure . . . venue defects by transferring a suit under the federal transfer statutes, 28 U.S.C. §§ 1406(a) and 1631, when it is in the interests of justice," or the Court may instead "dismiss the action without prejudice." *Trujillo v. Williams*, 465 F.3d 1210, 1222-23 (10th Cir. 2006); *see also* 28 U.S.C.S. § 1404(a) (2026) ("For the convenience of parties

---

[1]The Eastern District of New York set forth the following details of Petitioner's convictions for which he is apparently now incarcerated:

> [Hardy] was subsequently prosecuted in the United States District Court for the Eastern District of New York and was convicted of, inter alia, racketeering (18 U.S.C. § 1962(c)), racketeering conspiracy (18 U.S.C. § 1962(d)), murder (18 U.S.C. § 1959(a)(1)), murder conspiracy (18 U.S.C. § 1959(a)(5)), kidnapping (18 U.S.C. § 1959(a)(5)), and use of a firearm in furtherance of crimes of violence (18 U.S.C. § 924(c)). *United States v. Bryant*, No. 4-CR-706 (FB) (E.D.N.Y. May 21, 2015), ECF No. 996 at 1-2. He was sentenced to eight life terms of imprisonment, in addition to a consecutive 85-year sentence for other crimes. *Id.* at 3. Plaintiff's convictions and sentence were affirmed on appeal, *see United States v. Granton*, 704 F. App'x 1, 8 (2d Cir. 2017) (summary order), *cert. denied*, 583 U.S.1207 (2018). Plaintiff was also denied relief under 28 U.S.C. § 2255. *See United States v. Hardy*, No. 4-CR-706, 2021 WL 4463371, at *2 (E.D.N.Y. Sep. 29, 2021).

*Hardy v. LexisNexis*, No. 25-CV-3515, slip op. at 3-4 (E.D.N.Y. Apr. 29, 2026).

and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ."); *id.* § 1631 (stating when "court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court . . . in which the action or appeal could have been brought at the time it was filed or noticed").

The factors to be weighed, when determining whether to transfer, include the following: "finding that the new action would be time barred; that the claims are likely to have merit; and that the original action was filed in good faith rather than filed after plaintiff either realized or should have realized that the forum in which he or she filed was improper." *Trujillo*, 465 F.3d at 1223 n.16 (cleaned up). Here, a transfer in the interests of justice is not warranted based on the Court's review of the petition, which reveals--above all--that the claims are frivolous.

"A claim is frivolous . . . if it relies on an indisputably meritless legal theory or [c]learly baseless factual allegations . . . that are fantastic or delusional." *Avery v. Wade*, No. 22-4093, 2022 U.S. App. LEXIS 33905, at *2 (10th Cir. Dec. 9, 2022) (unpublished) (cleaned up). Plaintiff's claims are essentially incomprehensible. Whatever his words may mean, they do not appear to attack Petitioner's detention in any rational way. The petition offers **1.** no legal theories of any merit and **2.** "fantastic or delusional" factual allegations. Petitioner's claims are thus frivolous and dismissible.

**IT IS THEREFORE CONCLUDED AND ORDERED** as follows:

**(1)** This action was improperly filed in the District of Utah, when it should have been filed either in the Eastern District of California or Eastern District of New York.

**(2)** Because the Petition's allegations and claims are frivolous, it is not in the interest of justice to transfer this action to another district.

**(3)** For lack of proper venue, this action is **DISMISSED** without prejudice.

**(4)** A certificate of appealability is **DENIED**.

DATED this 27th day of October, 2026.

BY THE COURT:

JUDGE TED STEWART
United States District Court